CAMPEAU GOODSELL SMITH,
A LAW CORPORATION
SCOTT L. GOODSELL, #122223
MARC L. PINCKNEY, #127004
38 West Santa Clara Street
San Jose, California 95113
Telephone: (408) 295-9555

ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

SILICON VALLEY TELECOM EXCHANGE, LLC,

Debtor.

Case No. 01-55137-wsj

CHAPTER 11

Date: June 29, 2006
Time: 2:15 P.M.
Place: 280 S. First Street
San Jose, CA
Judge: Arthur S. Weissbrodt

## DEBTOR'S MOTION FOR ORDER APPROVING STIPULATION AUTHORIZING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

### INTRODUCTION

Debtor and Debtor-in-Possession Silicon Valley Telecom Exchange, LLC ("SVTX") moves this Court, pursuant to Federal Rules of Bankruptcy Procedure ("FRBP") Rule 4001(d)(1), for an order approving the stipulation between SVTX and secured creditor San Jose National Bank ("SJNB") extending SVTX's use of cash collateral.

The stipulation for use of cash collateral does not alter the rights and obligations of SVTX as a condition for use of cash collateral. Further, to the extent that SVTX is granting SJNB replacement lien in post petition accounts receivable, it should be noted that pursuant to 11 U.S.C. §552(b), SJNB already has security interest in rents which extends to rents collected post petition by SVTX.

## STATEMENT OF FACTS

SVTX is the lessee of a commercial building at 250 Stockton Ave, San Jose, California (hereinafter "Leased Premises"). The subject property consists of approximately 2.4 acres of land on which is located a 94,000 (approx.) square foot two-story warehouse. SVTX's business plan involved upgrading the Leased Premises to meet telecommunications companies' standards and sublease space to Internet telecommunications companies for their switching equipment.

In or about May 1999, SVTX entered into a twenty year sublease with Verio, Inc. Verio had the right to elect an early termination on the 10th year and 15th year anniversaries of the sublease. Verio leased approximately 17,000 square feet on the first floor of the Stockton Avenue property and approximately 3,400 square feet in the basement of the property for the annual sum of $460,251.24. The amount of Verio's annual rent increases 2.75% each year. Verio is also obligated to pay for its pro rate share of common area maintenance charges.

Also in May 1999, SVTX entered into a ten year lease with NTT America, Inc. for approximately 11,000 square feet at the Stockton Avenue property. NTTA's annual rent was initially $288,072 plus common area maintenance charges. Pursuant to the lease, the annual rent will increase four percent (4%) each year.

In or about August 1999, STVX entered into a ten year lease with Enron Communications, Inc. (subsequently Enron Broadband Services, Inc. – hereinafter "EBS"). EBS leased approximately 17,000 square feet and its initial annual rent was $491,530. In December 2001, EBS filed for Chapter 11 Bankruptcy protection in the United States Bankruptcy Court, Southern District of New York. On or about March 29, 2002, EBS rejected its lease with STVX pursuant to 11 U.S.C. § 365.

On or about March 22, 2001, Fred Rubio formed Silicon Valley Telecom & Internet Exchange LLC (hereinafter "SVTIX"). SVTIX entered into to a ten year oral sub-lease with SVTX for space at the Stockton Avenue property. SVTIX is involved in the telecommunications portion of the Internet. Pursuant to the subject oral lease, SVTIX is required to pay rent for the space actually occupied by SVTIX. SVTIX's current monthly lease obligation, including common area maintenance charges, is $15,600 per month.

In order to finance the improvements and renovation of the Lease Premises, SVTX obtained a

$2,650,000, ten year loan from Saratoga National Bank in or about October 1999. The principal balance owing is now less than $1.5 Million. The debt is secured by certain of SVTX's assets, pursuant to the terms of an "Assignment of Rents" filed with the Santa Clara County Recorder's office on October 14, 1999. The security for the loan can briefly be described as: SVTX's leasehold interest in the Leases Premises, the Verio, NTTA, and Enron subleases, and an assignment of rents that SVTX receives from its leasing activities. As a result of a bank merger and acquisition, San Jose National Bank now owns the loan. Monthly principal and interest payments are approximately $34,500.

SVTX's only business activity is subleasing space in the Leased Premises and its only source of revenue is from rents. SVTX requires the use of cash collateral to pay recurring, reasonable, and necessary operating expenses in order to continue its business operations.

SVTX and SJNB have entered into a written stipulation for SVTX's continued use of cash collateral. The stipulation is attached to this motion as Exhibit A.

**LEGAL ARGUMENT**

**1. The Court has authority to approve a stipulation for extending the order for use of cash collateral and adequate protection pursuant to FRBP Rule 4001(d).**

FRBP Rule 4001(d)(1) provides mechanism for Court approval of agreements between a debtor and secured creditor for the debtor's post petition use of cash collateral.

**2. Third party creditors have no basis to object to the proposed cash collateral stipulation because they are not adversely affected by the stipulation.**

The purpose of FRBP 4001(d) is to provide notice and an opportunity for all parties that may be adversely affected by the agreement between the Debtor and the secured party to object to the agreement. Rule 4001(d) provides a procedure which protects the interests of those who may be harmed by agreements entered into between secured creditors and debtors for use of cash collateral. (9 Collier on Bankruptcy - 15th Edition Revised P 4001.07, pp. 4001-27 to 4001-28.)

In *In re Manchester Center*, 123 B.R. 378, 381 (Bankr. C.D. Cal. 1991) the Court stated:

> Bankruptcy Rule 4001(d) was adopted by the 1987 amendments to the
> Bankruptcy Rules '[t]o remedy what was perceived as a growing problem

of 'sweetheart' deals between the debtor and secured creditors.' *In re Weber*, 99 Bankr. 1001, 1005 n.3 (Bkrtcy. D. Utah 1989).

> Frequently, the debtor in possession promises to furnish adequate protection to the party seeking relief from stay. Such an agreement may possibly have an adverse impact on the interest of the general unsecured creditors. This possibility also may be present when the debtor in possession agrees to furnish adequate protection in order to use cash collateral or to obtain credit.

*Id.* (quoting Norton Bankruptcy Pamphlet 1988-1989 Ed., p. 242). Rule 4001(d) operates to protect the interest of the creditor who may be adversely affected by an undisclosed agreement by requiring notice to parties who may have an interest in, or be affected by, such an agreement.

*In re Prairie Trunk Ry.*, 112 Bankr. 924, 928 (Bkrtcy. N.D. Ill. 1990).

Commentators have stated that a creditor might make an objection to a stipulation between a secured creditor and debtor if the stipulation makes too many concessions to the secured creditor that might prejudice unsecured creditors, such as a waiver of claims, validation of the prepetition collateral position, and prohibitions on future borrowing.

The only way a stipulation for use of cash collateral could possibly prejudice a creditor is if the stipulation alters or changes Debtors rights and obligations.

In the matter at bar, there is no basis to object since the stipulation for use of cash collateral does not alter or affect the obligations between SJNB and SVTX. Instead, the stipulation provides that SJNB's replacement lien is the security that SJBN had prior to the filing of SVTX's bankruptcy petition. Further, it is in the creditors' interest for SVTX to continue to operate the Leased Premises since SVTX's Monthly Operating Reports demonstrate that SVTX operates profitably and SVTX would lose its most valuable assets, which includ the master lease for the leased premises and the leases with SVTX's subtenants, if SVTX ceased business operations and were unable to meet its obligations under the leases.

**3. Granting SJNB a replacement lien in SVTX's accounts receivable does not grant SJNB greater rights than it already had since SJNB's security interest in rents extends to rents collected by SVTX post petition regardless of the stipulation.**

While the stipulation for use of cash collateral does grant SJNB a security interest in post petition rents, SJNB always had a security interest in post petition rents. SJNB loaned money to Debtor and the loan was secured by a deed of trust on Debtor's leasehold interest in 250 Stockton Ave and by an assignment of rents. An assignment of rents is an "interest" in rents and is cash collateral. *In re Scottsdale Medical Pavilion*, 159 B.R. 295, 301 (9th Cir.BAP 1993). Further, a security interest in rents extends to rents collected post petition. 11 U.S.C. §552(b). Consequently, the stipulation between SJNB and Debtor does not grant SJNB any greater right that it already possessed since SJBN has always had a security interest in post petition rents, regardless of the stipulation.

**CONCLUSION**

For the foregoing reasons, SVTX's motion for order approving the written stipulation between SVTX and SJNB for use of cash collateral and adequate protection should be granted.

Dated: June 2, 2006     CAMPEAU GOODSELL SMITH


By: /s/ Marc L. Pinckney
    Marc L. Pinckney
    Attorneys for Silicon Valley Telecom Exchange, LLC