```
CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, SBN 122223
440 N. First Street, Suite 100
San Jose, California  95112
(408) 295-9555

Former Attorneys for Reorganized Debtor
```

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ) | Case No. 01-55137-wsj |
| ) | |
| SILICON VALLEY TELECOM ) | CHAPTER 11 |
|    EXCHANGE, LLC, ) | |
| ) | |
|                Debtor. ) | |
| _____) | |

## **OBJECTION TO ENTRY OF FINAL DECREE**

      Creditor Campeau Goodsell Smith ("CGS") hereby objects to entry of a final decree in the above-captioned case, and represents:

      1.    After hearing before this Court on August 31, 2007, debtor SVTX confirmed its Chapter 11 reorganization plan ("Plan").  Said Plan provides, inter alia, that SVTX/SVTIX/Rubio are obligated to distribute: (a) "any monies from Enron" and (b) all "cash not needed for operations or tax obligations."  In addition, debtor SVTX is required to file quarterly financial reports with the Court reflecting its compliance with the confirmed Plan.

      2.    On October 21, 2008, CGS deposed SVTX owner Fred Rubio concerning SVTX compliance with the confirmed Plan.  During that deposition, Mr. Rubio testified:

      (a)    that SVTX has received $26,000 from Enron in/about June 2008, which SVTX has not yet and does not presently intend to disburse to creditors;

(b) that SVTX/SVTIX has paid out over $37,000 in federal/state tax payments (subsequent discussions with SVTX tax accountants confirm that some portion of these monies should have been paid by Fred/Karen Rubio personally, and the remainder could be an overpayment based on income improperly attributed to SVTX/SVTIX);

(c) that SVTX/SVTIX has paid out over $200,000 on Rubio personal credit card statements over the past 6 months, which amounts cannot be reconciled with redacted statements attributing reimbursable expenses incurred for benefit of SVTX/SVTIX (Mr. Rubio agreed to produce unredacted credit card statements during his Rule 2004 examination but has subsequently recanted); and

(d) that SVTX/SVTIX has made NO PAYMENTS to creditors for the three quarters ending in March 2008, June 2008 and September 2008, despite having funds available to do so.

3. On October 30, 2008, via its on-again-off-again counsel Ed Cullen, SVTX filed Mr. Rubio's declaration in support of its present application for final decree asserting inter alia that *"unsecured creditors have been paid amounts received from on account of Debtor's Enron claim that had been collected at the time of the distribution."* While mostly unintelligible, to the extent that the declaration covers the Enron June 2008 distribution, the declaration is directly contradictory to Mr. Rubio's October 21, 2008 examination testimony.

4. Since SVTX/SVTIX has filed ***no post-confirmation quarterly reports*** since its Plan was confirmed on August 31, 2007, CGS is justified in asserting that SVTX/SVTIX is "flying below the radar" of its creditors, of the UST Office and of this Court, and in light of Mr. Rubio's October 21, 2008 examination testimony, the Rubios are likely diverting monies contractually promised to SVTX creditors under the confirmed Plan.

WHEREFORE, CGS requests that this Court deny entry of a final decree in this case until CGS and other creditors can determine whether debtor SVTX is in compliance with the provisions of the confirmed Plan and take appropriate measures in event of non-compliance.

DATED: November 5, 2008          CAMPEAU GOODSELL SMITH


By   /s/ Scott L. Goodsell
     Scott L. Goodsell
     Former Attorneys for Reorganized Debtor